IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DONALD DEAN BIEDERMAN,<br><br>Plaintiff,<br><br>vs.<br><br>PAT McTIGHE, Ms. TILLMAN, Ms. DEVERA, and Ms. ALSTAD,<br><br>Defendants. | CV-18-00122-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Donald Biederman filed a Complaint alleging Defendants were interfering with his legal mail. (Doc. 2). The Court screened the Complaint pursuant to 28 U.S.C. §§ 1915, 1915A and determined that Mr. Biederman's Complaint failed to state a claim upon which relief may be granted and was subject to dismissal. The Court could not say with certainty that amendment would be futile and therefore permitted Mr. Biederman the opportunity to file an amended complaint. (Doc. 13.) Mr. Biederman filed an Amended Complaint on April 29, 2019. (Doc. 10.)

Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief

1

may be granted, or seeks monetary relief from a defendant who is immune from such relief. This matter should be dismissed for failure to state a claim.

Mr. Biederman was specifically advised in the Court's prior Order that Rule 8 of the Federal Rules of Civil Procedure requires "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. The factual allegations necessary to make that showing "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

As with his original Complaint Mr. Biederman provides insufficient facts in support of his Amended Complaint, he only makes the conclusory allegations that

> My legal mail was repeatedly opened, kept for up to a week and read. Left for inmates and staff to read. Mail that disappeared. Being threatened and harassed. Legal mail missing during shake down 8-28-18.

(Amended Complaint, Doc. 10 at 5.) With regard to the specific defendants, Mr. Biederman states:

> Mail clerks, Ms. Tillman and Ms. Devena purposely and knowingly tampered with my legal mail in violation of my constitutional rights and prison policy 3.36. Warden McTighe knowingly aloud [sic] this to happen and so on. Ms. Alstad knowingly and purposely aloud [sic] this to go on in retaliation and did nothing to stop this illegal behavior.

(Amended Complaint, Doc. 10 at 5.)

In the Court's prior Order, Mr. Biederman was given very specific

instructions regarding the information necessary to state a federal claim for relief. Specifically, he was advised that,

> Mr. Biederman provides insufficient factual allegations regarding his mail claims. He fails to state what mail is at issue, who it was from or to, how it was tampered with, what mail he might be missing, how often these incidents occur, and why he contends the mail was privileged. Mr. Biederman makes only conclusory allegations that Defendants are tampering with his mail. Taking all his factual allegations as true does not permit the Court "to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. Mr. Biederman has alleged but not shown that he is entitled to relief. *Id.*

(April 3, 2019 Order, Doc. 8 at 6.) Despite these instructions, Mr. Biederman did not specify what mail was at issue, who it was from or to, how it was tampered with, what mail might be missing, how often these incidents occurred, and why he considered his mail privileged. As set forth previously by the Court, while there must be specific procedures for inspecting "legal mail," that only pertains to mail sent between attorneys and prisoners. *Wolff v. McDonnell*, 418 U.S. 539 at 576-577 (1974). In the Ninth Circuit, "mail from the courts, as contrasted with mail from a prisoner's lawyer, is not legal mail." *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996). Similarly, mail to and from state agencies is not "legal mail," and may be opened and inspected outside an inmate's presence. *O'Keefe v. Van Boening*, 82 F.3d 322, 325–27 (9th Cir. 1996)(holding that inspection of grievance mailings to state agencies did not violate First Amendment); *Grigsby v. Horel*, 341

Fed. Appx. 314, 314–15 (9th Cir. 2009).

Mr. Biederman claims that, "the alleged mail tampering may have caused damage to on going legal claims and gave an unfair advantage to defendant and their lawyers and an unfair warning to the DOC-CoreCivic and Toole County Sheriff's Office." (Amended Complaint, Doc. 10 at 5.) Mr. Biederman has filed a number of lawsuits in this Court but all have been filed pro se. To the extent that Mr. Biederman was sending mail to the court, it is not legal mail and may be opened and inspected outside of his presence. Mr. Biederman does not identify any mail to or from an attorney which was improperly opened or inspected by Defendants.

As with his original Complaint, the Amended Complaint makes only these general allegations without sufficiently specific factual allegations. Consequently, the Amended Complaint read as a whole fails to nudge Mr. Biederman's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Mr. Biederman has failed to state a federal claim for relief and this matter should be dismissed.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED for failure to state a federal claim.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.  The record makes plain the Complaint lacks arguable substance in law or fact.

4.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Biederman failed to state a claim upon which relief may be granted.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Biederman may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Biederman is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 24th day of June, 2019.

                           /s/ John Johnston
                           John Johnston
                           United States Magistrate Judge